J-S42010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANDRE PACE | |
| Appellant | No. 932 WDA 2015 |

Appeal from the Judgment of Sentence May 14, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012497-2013
CP-02-CR-0012502-2013

BEFORE:  SHOGAN, J., OTT, J., and FITZGERALD, J.[*]

DISSENTING STATEMENT BY OTT, J.:            **FILED SEPTEMBER 28, 2016**

Because I find the trial court provided sufficient reasons on the record for the probation revocation sentence it imposed, I must respectfully dissent.

A review of the sentencing hearing reveals Pace's probation officer provided undisputed testimony regarding the numerous ways Pace violated the term of his probation.  Neither Pace, nor his counsel, offered any mitigating evidence, save for documentation of his completion of the Batterers' Intervention Program, which the trial court acknowledged.  In imposing sentence, the court stated the following:

> Mr. Pace, you have been involved in continuing criminal activity. All of your crimes include violence.  I have seen no evidence of rehabilitation.

_____

[*] Former Justice specially assigned to the Superior Court.

N.T., 5/14/2015, at 5. I find this statement, coupled with the testimony of Pace's probation officer, sufficiently demonstrates the court's consideration of all the factors listed in Section 9721. **See Crump**, **supra**, 995 A.2d at 1283 ("A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.").

Accordingly, I dissent.